RUIQIN WENG, Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.

No. 12–60056
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 2013.

Ruiqin Weng, Monterey Park, CA, pro se.

Leslie M. McKay, Esq., Assistant Director, Tangerlia Cox, Joseph D. Hardy, Jr., Esq., Trial Attorney, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before JONES, DENNIS and
HAYNES, Circuit Judges.

PER CURIAM: *

Ruiqin Weng, a native and citizen of
China, applied for asylum, withholding of
removal, and relief under the Convention
Against Torture (CAT), based on her in-
volvement in the family church, a Christian
church in people's homes. The Immigra-
tion Judge (IJ) made an adverse credibility
finding and determined that Weng failed
to provide sufficient corroborating evi-
dence. The IJ therefore denied Weng's
claims for asylum, withholding of removal,
and relief under the CAT. As to Weng's
CAT claim, the IJ further determined that
there was an insufficient basis to conclude
that Weng would more likely than not be
tortured if she returned to China. The
Board of Immigration Appeals (BIA)
agreed with the IJ and found that Weng
failed to carry her burden of proof for her
asylum and withholding of removal claims
because she lacked credibility and because
she did not provide sufficient corroborat-
ing evidence. The BIA also agreed that
Weng failed to establish eligibility for pro-
tection under the CAT because she had
not demonstrated that it was more likely
than not that she would be tortured if
removed to China. Thus, the BIA dis-
missed Weng's appeal.

Weng argues that the IJ and BIA erred
in determining that she was not credible
and that she failed to adequately corrobo-
rate her claim. We review factual findings
for substantial evidence. *Lopez–Gomez v.
Ashcroft*, 263 F.3d 442, 444 (5th Cir.2001).

"Under this standard, reversal is improper
unless [the court] decide[s] not only that
the evidence supports a contrary conclu-
sion, but [also] that the evidence *compels*
it." *Zhang v. Gonzales*, 432 F.3d 339, 344
(5th Cir.2005)(internal quotation marks
and citation omitted). Among the findings
of fact that this court reviews for substan-
tial evidence is the conclusion that an alien
is not eligible for asylum, withholding of
removal, or relief under the CAT. *Id.*

Under the REAL ID Act of 2005, "an IJ
may rely on *any* inconsistency or omission
in making an adverse credibility determi-
nation as long as the totality of the circum-
stances establishes that an asylum appli-
cant is not credible." *Wang v. Holder*, 569
F.3d 531, 538 (5th Cir.2009) (internal quo-
tation marks and citation omitted). This
court will "defer therefore to an IJ's credi-
bility determination unless, from the totali-
ty of the circumstances, it is plain that no
reasonable fact-finder could make such an
adverse credibility ruling." *Id.* (internal
quotation and citation omitted).

The adverse credibility finding here is
supported by substantial evidence. There
were inconsistencies between Weng's ap-
plications and inconsistencies between
Weng's applications and oral testimony.
Moreover, Weng failed to corroborate her
claims by providing a copy of the bond
payment, a copy of the guarantee letter,
and letters from family members. Given
the totality of the circumstances, it is not
"plain that no reasonable fact-finder could
make such an adverse credibility ruling."
*Id.* at 538 (internal quotation marks and
citation omitted). Accordingly, we defer to
the credibility findings of the IJ and BIA.
*See id.*

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Weng also argues that the IJ and BIA erred in denying relief under the CAT because she experienced cruel and inhumane treatment when the police banged her head on the table. In light of the fact that Weng was able to freely travel in order to obtain her visa and that there is no evidence in the record indicating that her relatives were harmed while living in China, the evidence does not compel a conclusion contrary to the IJ's and BIA's determination that she was not entitled to relief under the CAT. *See Zhang*, 432 F.3d at 344; *Majd v. Gonzales*, 446 F.3d 590, 595–96 (noting that an inability to relocate to a safer part of the country is a factor to be considered); *Eduard v. Ashcroft*, 379 F.3d 182, 193 (recognizing that the reasonableness of an alien's fear of future persecution is reduced if other family members remain unharmed in the alien's native country)(asylum claim). The petition for review is therefore DENIED.